THE HONORABLE MARY JO HESTON
CHAPTER 13
HEARING DATE: August 6, 2026
HEARING TIME: 1:00 P.M.
LOCATION:  via ZoomGov
RESPONSE DATE: July 30, 2026

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

| In re: | Case No.: 26-41511-MJH |
|---|---|
| NORMAN AUTHUR COOLEY and PEERAPHAN K COOLEY, | TRUSTEE'S SUPPLEMENTAL OBJECTION TO CONFIRMATION WITH STRICT COMPLIANCE |
| Debtors. | |

**COMES NOW**, Michael G. Malaier, Chapter 13 Standing Trustee, and objects to confirmation as follows:

## BACKGROUND

Debtors filed this Chapter 13 case on May 21, 2026.  The applicable commitment period is thirty-six months.  The case is currently in the third month, and the Meeting of Creditors has been completed.  The bar date for filing non-governmental claims is July 30, 2026.  Scheduled unsecured claims total $0.00, and scheduled priority claims total $2,600.00.  The Trustee estimates that under the proposed plan general unsecured creditors will receive approximately $0.00.

SUPPLEMENTAL OBJECTION TO CONFIRMATION
- 1

Michael G. Malaier
Chapter 13 Standing Trustee
5219 N. Shirley, Suite 101
Ruston, WA  98407
(253) 572-6600

Case 26-41511-MJH    Doc 33    Filed 07/23/26    Ent. 07/23/26 14:43:12    Pg. 1 of 3

## **OBJECTION**

☒ Plan is not feasible:

Trustee contends that Debtors' income is too speculative to comply with 11 U.S.C. § 1325(a)(6)'s requirement that Debtors demonstrate an ability to make all required payments. Specifically, Debtors testified in their 341 Meeting of Creditors that they no longer have business income. As such, the net business income reported on Schedule I, Line 8a, is unsupported. *See* ECF No. 16, Schedule I.

☐ Plan is not proposed in good faith or is forbidden by law:

☐ Plan fails to commit all excess disposable income for the applicable commitment period as required by 11 U.S.C. § 1325(b)(1)(B):

☐ Plan does not meet the best interests of creditors test as required by 11 U.S.C. § 1325(a)(4):

☒ Schedules or other documentation insufficient:

1. Debtors must amend SOFA to disclose the details of Mr. Cooley's sole prop business Net Speed USA.

2. Debtors must amend the Petition to add the different spelling of Mr. Cooley's middle name as listed on his social security card.

3. Debtors must amend Schedule A/B to accurately reflect the balances for each of their financial accounts on the date of filing, and add any non-exempt value to the liquidation value, subject to a liquidation analysis.

☐ Other:

**WHEREFORE**, Trustee requests that the objection to confirmation be sustained and Debtors be ordered to file a motion to confirm a plan resolving the issues raised herein within 14 days of entry of the Order Sustaining Trustee's Objection to Confirmation; and to set the hearing on the next available motion calendar after the 14 days expires. If the Motion to Confirm

SUPPLEMENTAL OBJECTION TO CONFIRMATION

- 2

Michael G. Malaier
Chapter 13 Standing Trustee
5219 N. Shirley, Suite 101
Ruston, WA 98407
(253) 572-6600

Case 26-41511-MJH   Doc 33   Filed 07/23/26   Ent. 07/23/26 14:43:12   Pg. 2 of 3

resolving the Trustee's issues is not filed and set for hearing as outlined above, the Trustee requests he be allowed to enter an order dismissing the case, *ex parte*, without notice.

**DATED** this 23rd day of July, 2026.

/s/ Benjamin J. Bouwman
Benjamin J. Bouwman, WSBA #57833 for
Michael G. Malaier, Chapter 13 Trustee

SUPPLEMENTAL OBJECTION TO CONFIRMATION
- 3

Michael G. Malaier
Chapter 13 Standing Trustee
5219 N. Shirley, Suite 101
Ruston, WA  98407
(253) 572-6600

Case 26-41511-MJH    Doc 33    Filed 07/23/26    Ent. 07/23/26 14:43:12    Pg. 3 of 3